**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARVIN R. WENNEKAMP, | No. 19-15453 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-01374-DAD-SAB |
| v. | |
| BANK OF AMERICA, NA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted August 6, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

Marvin Wennekamp appeals the district court's dismissal of his Truth in

Lending Act ("TILA") action seeking rescission. We review de novo the district

court's dismissal. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2014). The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The loan at issue was consummated in 2008,[1] but Wennekamp did not give notice that he intended to rescind the loan until 2015. The district court therefore properly dismissed Wennekamp's TILA claim as time-barred because he failed to establish that he timely sent Bank of America a notice of rescission. *See* 15 U.S.C. § 1635(a), (f) (a borrower may rescind a loan within three business days of the loan transaction, or within three years if the lender failed to make the required disclosures to the borrower); *see also Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 261–62 (2015) (borrower must notify creditor of intent to rescind within three years after the transaction is consummated). There is no legal basis for Wennekamp's allegation that Bank of America acquiesced to the rescission because it did not challenge the notice of rescission within 20 days. Wennekamp's right to give notice expired after the three-year period had concluded. *Id.* at 262.

**AFFIRMED.**

---

[1] We reject as without merit Wennekamp's contention that the loan transaction at issue was not consummated.